STOKER, Judge.
This case involves a suit for damages brought by plaintiff-appellant, Louis A. Do-mingue, against defendant-appellee, Gerald Patin, as the result of Patin’s alleged breach of an agreement between the parties.
Domingue claims an agreement was made between himself and Patin under which he agreed to care for and board two quarterhorse mares and a stallion named “Mr. Concrete” for a period of approximately two years. Mr. Domingue states that he was to receive in return the right to breed the stallion to his mare, “Miss Windbreaker”, and obtain by such breeding two registered quarterhorses.
At the trial, plaintiff-appellant testified as the first witness. Plaintiff-appellant is a seventy-one year old man. Although he appears to have had little formal education, he has had years of experience with horses. His apparent lack of education and a hearing problem may have affected his ability to be as concise and articulate as he might have been.
When defense counsel began cross-examination of plaintiff the questioning immediately turned to dates and times of events. Counsel, asked, for example, at almost the beginning of his questioning, “after November of ’76, on what dates was your horse bred?” Plaintiff Domingue had set forth in his petition:
“During the month of November, 1976, the defendant herein agreed that he would provide his stallion, ‘Mr. Concrete’, for the purposes of breeding same to plaintiff’s mare to provide the plaintiff with two colts which could be registered as quarterhorses for the consideration of the plaintiff herein providing feed, boarding, and taking care of said stallion, two mares and two colts for a period of two years.” (Emphasis supplied)
The first of the two colts allegedly produced from breeding Mr. Concrete to Miss Windbreaker was named Nellie. Plaintiff testified that Nellie was born April 22, 1976, and the second colt, Mae, was born on May 1, 1977. Defendant immediately moved to strike as immaterial, any testimony concerning Nellie, since Nellie was born before November, 1976, the date plaintiff’s petition states that the parties made the agreement.
Defendant solicited testimony that determined the gestation period for horses to be between eleven and twelve months. Then defendant repeated his previous objection, this time in regard to the second colt, Mae. The objection was made because the length of the gestation period made it impossible for Mae to have been sired after the alleged agreement of November, 1976.
The trial judge sustained the objection and refused to allow any testimony relating to any agreements or occurrences prior to November, 1976, because the plaintiff’s petition alleged the agreement between the parties was reached in November, 1976. Counsel for plaintiff-appellant responded by requesting permission of the court to allow an amendment of the pleadings to reflect the proper year of the agreement, which was prior to 1976.
The issue in this case is whether the trial court erred in denying the plaintiff-appellant permission to amend his petition during trial, or, stated in another way, did the trial court abuse the discretion given it by Article 1154 of the Louisiana Code of Civil Procedure in denying the amendment of the pleadings.
Article 1154 regulates amendment of pleadings during trial.[1] Former Louisiana Supreme Court Justice Tate commented on *1077 the pertinent section of Article 1154 in Tulane Law Review, Vol. XLIII, p. 211:
“Amendment to Meet Objection to the Evidence

The last two sentences of Article 1154 regulate a second type of trial amendment procedure, i. e., when evidence is objected to at the trial as beyond the issues raised by the pleadings. If the objection is valid, the article contemplates that the court should allow the pleadings to be amended to permit admission of the evidence, in the absence of real prejudice or surprise to the opponent. If needed to enable the opponent to meet such evidence, a continuance should be granted.

The comparable federal provision has been interpreted most broadly in favor of such amendment. Barron and Holtzoff flatly state: ‘The only time that refusal to allow amendment can be justified is where the amendment and the evidence will not assist in reaching the merits of the action.’ In reversing a trial court’s refusal to permit amendment during trial to encompass further grounds of recovery, a leading federal opinion stated:
There can be no question that a defendant should be protected from surprise resulting from a change of theory; but it is our opinion that the court erred in the method it chose to protect him. The proper procedure would have been to grant the defendant a continuance in order to meet the new evidence. But it was beyond the limits of its judicial discretion to refuse to allow the amendment.

This Louisiana code provision has given rise to few reported appellate decisions, corroborating the writer’s general observation that it has worked well in practice and that its application is in general accord with its intent and with the federal applications.” (Emphasis supplied)

In McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.App.1967), in reference to Code of Civil Procedure Article 1636, the court stated concerning the appellate court’s treatment of testimony proffered in the trial court:
“... appellate court is in a position to rule on the admissibility of the evidence, but it cannot give it any probative value. If, therefore, the testimony is found to be admissible and essential to a decision in the case, a remand to the trial court becomes necessary to permit the excluded testimony, and any other testimony bearing thereon to be taken.”
In the present case plaintiff requested the right to present a proffer of evidence in the trial court. After examining this evidence we find that justice was not served by dismissing this case in the trial court merely because the petition listed an incorrect date for the agreement. Defendant’s answer to interrogatories show some sort of agreement was made that was similar to the one plaintiff claims to have made with defendant. From the record it appears that defendant knew of the agreement and knew of the incorrect date on the petition. This knowledge is reflected in defendant’s immediate questioning of plaintiff in regard to dates.[2]
The evidence proffered in district court shows this case would be close if it were allowed to go to trial. From all this we conclude that justice was not served by dismissing this case, and the trial judge abused his discretion in not granting to plaintiff the right to amend.
We, therefore, reverse the judgment of the trial court and remand this case for action consistent with this opinion. All costs of this appeal are to be assessed to defendant-appellee.
REVERSED AND REMANDED.

. Article 1154. Amendment to conform to evidence. “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will *1077 be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.” (Emphasis supplied)

. Defendant-appellee alleges in paragraph 2 of his answer that “Mr. Concrete” was left with petitioner sometime in the spring or early summer of 1976 for a period of two (2) months.